**In the Matter of BROTMAN MEDICAL CENTER, INC., Debtor,**

**Prime Healthcare Services, LLC, Appellant,**

v.

**Brotman Medical Center, Inc., Appellee.**

**No. 09–56907.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2011.

Filed July 13, 2011.

Mark Edward Bradshaw, Esquire, Leonard M. Shulman, Shulman Hodges & Bastian LLP, Foothill Ranch, CA, for Appellant.

David Adam Fidler, Esquire, David Matthew Guess, Thomas Earle Patterson, Esquire, Counsel, Courtney Pozmantier, Klee, Tuchin, Bogadnoff & Stern LLP, Los Angeles, CA, for Appellee.

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and BREWSTER, Senior District Judge.*

MEMORANDUM **

We affirm the judgment of the district court that Prime Healthcare Services, LLC's appeal of the confirmation order is equitably moot. Here, the substantial consummation of the reorganization plan is a "comprehensive change of circumstances" which makes granting the relief sought inequitable. *See Focus Media v. Nat'l Broadcasting Co.,* 378 F.3d 916, 923 (9th

---

* The Honorable Rudi M. Brewster, Senior District Judge for the U.S. District Court for Southern California, San Diego, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2004). Requiring Brotman Medical Center, Inc. to pay Prime Healthcare an additional sum of money would unjustly affect the rights of other creditors and investors, particularly Brotman's shareholders, whose equity interests would be placed below Prime Healthcare's claim. Because allowing Prime Healthcare to contest the now-consummated reorganization plan "would knock the props out from under the authorization for every transaction that has taken place," *In re Roberts Farms, Inc.*, 652 F.2d 793, 797 (9th Cir. 1981), we affirm.[1]

**AFFIRMED.**

---

**1.** Brotman's unopposed Motion for Judicial Notice is granted.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.